```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**ANTIONE S. LEE,**

      Plaintiff,

  vs.                                    Civil Action 2:13-cv-0087
                                            Judge Marbley
                                            Magistrate Judge King

**BRAD ELLER,** *et al.*,

      Defendant.

## REPORT AND RECOMMENDATION

On April 3, 2015 counsel for the remaining defendant filed a stipulated dismissal that purports to dismiss all remaining claims in the action. *Stipulation of Dismissal with Prejudice*, ECF 121. On April 13, 2015, plaintiff, who is currently proceeding without the assistance of counsel, filed a motion to withdraw the settlement agreement. *Motion to Withdraw Agreement of Settlement and Dismissal with Prejudice*, ECF 123 ("*Motion to Withdraw Settlement Agreement*"). In that motion, plaintiff appears to concede that the parties settled the case, but she asks to withdraw the settlement agreement, alleging that defendant acted in breach of the agreement. *Id*. The Court directed the parties to brief the *Motion to Withdraw Settlement Agreement, Order*, ECF 125, and the parties have now done so. *Motion and Report to Court Order*, ECF 126; *Defendant's Response to Plaintiff's Motion to Withdraw (Doc. 123)*, ECF 127.

Defendant confirms that plaintiff's hormone treatment has not been discontinued, as plaintiff feared. *Affidavit of Hannah Godsey, R.N.,* attached to ECF 127. Plaintiff reports that she has "no problem

1

with dismissing her case," *Motion and Report to Court Order,* p. 2, but asks that the Court conduct a telephone conference "just so the settlement agreement and release of claims can be on [the] record." *Id.*

As this history makes clear, the parties have agreed to all terms of settlement and dismissal of the case, with prejudice, is appropriate. A copy of the entire settlement agreement, including the parties' signatures, is attached to plaintiff's *Motion to Withdraw Settlement Agreement.* There is thus no need for a telephone conference with the Court.

It is therefore **RECOMMENDED** that plaintiff's *Motion to Withdraw Settlement Agreement,* ECF 123, be denied and that this action be dismissed with prejudice.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that

"failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

April 23, 2015                                   *s/  Norah McCann King*
                                                 Norah McCann King
                                                 United States Magistrate Judge