**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTIONE S. LEE,**

    **Plaintiff,**

  vs.                                     Civil Action 2:13-cv-087
                                                JUDGE ALGENON L. MARBLEY
                                                Magistrate Judge King

**BRAD ELLER,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff, a state prisoner who is transgender, filed this civil rights action in 2013, alleging that she was denied medically necessary hormone treatment while incarcerated at the Belmont Correctional Institution. The parties eventually agreed to all terms of settlement and, on July 28, 2015, the case was dismissed with prejudice. *Order*, ECF No. 144; *Judgment*, ECF No. 145. In dismissing the lawsuit, the Court did not retain jurisdiction, nor did it incorporate the terms of the parties' settlement. *See id*. This matter is now before the Court on plaintiff's *Motion to Show Cause*, ECF No. 146, *Motion to Show Cause*, ECF No. 147, *Motion: Show Cause Order*, ECF No. 148, and *Motion for Order to Show Cause*, ECF No. 149, all filed in October 2018.

In her current motions, plaintiff – who is now incarcerated at the Warren Correctional Institution – alleges that she has missed a number of doses of her hormone medication, that she has been denied "femanine [sic] items," and that she has been subjected to name calling in retaliation for having "won her civil suit." *Motion: Show*

*Cause Order*, ECF No. 148, at PageID# 2030. Plaintiff asks that this Court enforce the settlement agreement and "order[] the Ohio Department of Corrections to stop with all retaliation against" plaintiff. *Id*. at PageID# 2028.

This Court lacks jurisdiction to enforce the parties' settlement agreement. The United States Supreme Court has held that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). A simple order of dismissal based on the settlement of an action is insufficient to invoke federal jurisdiction over a claim seeking enforcement of terms of settlement unless the court either retained jurisdiction over the settlement agreement or incorporated the terms of the settlement agreement in the order of dismissal. *Id*. at 381; *Moore v. U.S. Postal Serv.*, 369 F. App'x 712, 716 (6th Cir. 2010). As noted *supra*, the order dismissing this case neither retained jurisdiction over the parties' settlement agreement nor incorporated the terms of settlement in the dismissal order. Under these circumstances, this Court lacks jurisdiction to enforce the terms of settlement. *See Kokkonen*, 511 U.S. 375.[1]

To the extent that plaintiff now seeks to assert a claim of retaliation – a claim that was not asserted against any of the defendants in the original action – his proper recourse is to initiate a new lawsuit against the defendants who are alleged to have engaged

---

[1] Where, as here, the federal court has not retained jurisdiction over enforcement of the settlement agreement, a claimed breach of the settlement agreement "is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, at 382.

2

in the retaliation. *See Perris v. Cuyahoga County Board of Developmental Disabilities*, 620 Fed. Appx. 386 (6th Cir. July 15, 2015)(A motion to amend a judgment or for relief from judgment is properly denied where movant seeks to assert a new claim not presented in the original action).

Accordingly, plaintiff's *Motion to Show Cause*, ECF No. 146, *Motion to Show Cause*, ECF No. 147, *Motion: Show Cause Order*, ECF No. 148, and *Motion for Order to Show Cause*, ECF No. 149, are **DENIED**. This denial, however, is without prejudice to the filing of another lawsuit in an appropriate forum.

                                      s/Algenon L. Marbley
                                      Algenon L. Marbley
                                 United States District Judge

DATED: June 3, 2019